**SMILEY WANG-EKVALL, LLP**
Robert S. Marticello, State Bar No. 244256
*rmarticello@swelawfirm.com*
Michael L. Simon, State Bar No. 300822
*msimon@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:    714 445-1000
Facsimile:    714 445-1002

Attorneys for Gabriel Turcios.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:17-bk-14484-WB |
| RPM HARBOR SERVICES, INC., | Chapter 11 |
| Debtor. | Adv. No. 2:20-ap-01156-WB |
| GABRIEL TURCIOS, an individual, on behalf of himself and others similarly situated, | **PLAINTIFF'S MOTION FOR REMAND OF CIVIL ACTION TO CALIFORNIA SUPERIOR COURT PURSUANT TO 28 U.S.C. §§ 1447 AND 1452(b) AND REQUEST FOR ATTORNEY'S FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF MICHAEL L. SIMON AND DANIEL SROURIAN IN SUPPORT** |
| Plaintiff, | |
| v. | |
| RPM HARBOR SERVICES, INC., a California Corporation; SHAWN DUKE, an individual; and DOES 1 – 100, inclusive | |
| Defendants. | **[Index of Exhibits filed concurrently herewith]** |
| | **Hearing**<br>DATE:    **October 20, 2020**<br>TIME:    **2:00 p.m.**<br>CTRM:    **1375**<br>              **255 E. Temple Street,**<br>              **Los Angeles, CA 90012** |

2837506.1

MOTION

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................1

II.   SUMMARY OF ISSUES ......................................................................................3

III.  BACKGROUND ...................................................................................................3

      A.    The Debtor's Bankruptcy Case and Confirmed Plan ..................................3

      B.    The State Court Action ...............................................................................5

IV.   REQUESTED RELIEF ........................................................................................6

V.    TURCIOS SHOULD BE ALLOWED TO PURSUE HIS CLAIMS AGAINST
      DUKE BECAUSE THE PLAN COULD NOT AND DID NOT DISCHARGE
      ANY CLAIMS AGAINST DUKE .........................................................................7

      A.    The Plan Could Not Release or Discharge Any Claims Against Duke .................... 7

      B.    Turcios' Claims Against Duke Are Not Barred by Res Judicata........................... 8

            1.    There Were No Substantive Determinations On the Merits of
                  Turcios' Claims To Give Res Judicata Effect To ...................................... 8

            2.    The Defendants' Proposed Application of Res Judicata Cannot Be
                  Reconciled With Ninth Circuit Law ........................................................... 9

      C.    Turcios Did Not Receive Due Process That the Debtor Was Attempting to
            Adjudicate Turcios' Claims ................................................................................ 9

VI.   THE STATE COURT ACTION SHOULD BE REMANDED ......... 10

      A.    Remand Will Not Affect the Efficient Administration of the Estate ............... 12

      B.    State Law Issues Predominate................................................................. 12

      C.    The Difficulty of the Applicable Law ............................ 12

      D.    The Presence of a Related Proceeding Commenced in State Court................ 12

      E.    There is No Jurisdictional Basis Other than 28 U.S.C. § 1334 ..... 12

            1.    The State Court Action Does Not Arise Under Title 11 ... 13

            2.    The State Court Action Does Not Arise In Title 11 ... 13

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

3.    The Bankruptcy Court Does Not Have "Related To" Jurisdiction....... 13

F.    The Degree of Relatedness or Remoteness of the Action ...... 14

G.    The Substance Rather than Form of an Asserted Core Proceeding ................. 15

H.    The Feasibility of Severing State Law Claims from Core Bankruptcy Matters to Allow Judgments to be Entered in State Court with Enforcement Left to the Bankruptcy Court .................................... 15

I.    Burden on the Bankruptcy Court's Docket............... 15

J.    The Defendants are Forum Shopping...................... 15

K.    The Plaintiff's Right to a Jury Trial .......................... 16

L.    The State Court Action Involves Non-Debtor Parties............ 16

M.    Interests of Comity Support Remand ...................... 16

N.    The Possibility of Prejudice Weighs in Favor of Remand ..... 16

VII.    TURCIOS IS ENTITLED TO ATTORNEY'S FEES AND COSTS UNDER 28 U.S.C. § 1447(c)..................................................................................17

VIII.    CONCLUSION ........................................................................19

DECLARATION OF MICHAEL L. SIMON ........................................20

DECLARATION OF DANIEL SROURIAN ........................................21

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**TABLE OF AUTHORITIES**

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**Page**

**CASES**

*Blixseth v. Credit Suisse*, 961 F.3d 1074, 1083-1084 (9th Cir. 2020)....................................... 2, 7, 8, 9

*Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 329
 (1971) ................................................................................................................................ 10

*Brown v. Felsen*, 442 U.S. 127, 132 (1979) ................................................................................ 10

*Commercial Wholesales, Inc. v. Investors Commercial Corp.*, 172 F.2d 800, 801 (9th Cir.
 1949)............................................................................................................................... 1, 7

*Federal Home Loan Bank of Chicago v. Bank of America Securities LLC,* 448 B.R. 517,
 525 (C.D. Cal. 2011) ........................................................................................................ 11

*In re Copelin*, 2014 WL 2810190, * 3 (Bankr. C.D. Cal. 2014)....................................................... 15

*In re Cytodyn of New Mexico, Inc.*, 374 B.R. 733, 738 (Bankr. C.D. Cal. 2007) ............... 11, 12, 14

*In re Enewally*, 368 F.3d 1165, 1173 (9th Cir. 2004) .................................................................... 9

*In re Enron Corp.*, 296 B.R. 505, 508 (C.D. Cal. 2003) ......................................................... 10, 11

*In re Fietz,* 852 F.2d 455, 457 (9th Cir. 1988) ............................................................................. 14

*In re General Carriers Corp.*, 258 B.R. 181, 189 (B.A.P. 9th Cir. 2011) ...................................... 13

*In re Hotel Mt. Lassen, Inc.*, 207 B.R. 935, 943 (Bankr. E.D. Cal. 1997) ........................ 10, 17, 18

*In re Lowenschuss*, 67 F.3d at 1394, 1401-1402 (9th Cir. 1995)............................................. 1, 7, 9

*In re Marshall*, 264 B.R. 609, 627 (C.D. Cal. 2001) .................................................................... 13

*In re McCarthy*, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999) ..................................................... 10, 12

*In re Pegasus Gold Corp.,* 394 F.3d 1189, 1194 (9th Cir. 2005)..................................................... 14

*Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992) ............................... 17

*Ochoa-Hernandez v. Cjaders Foods, Inc.* 2009 WL 1404694 (N.D. Cal. 2009)............................ 5

*Pacor, Inc. v. Higgins,* 743 F.2d 984 (3d Cir. 1984)) ................................................................... 14

**STATUTES**

11 U.S.C. § 1141 ........................................................................................................................ 4

11 U.S.C. § 1141(d) ................................................................................................................... 4

28 U.S.C. § 1332(a) ................................................................................................ 12

28 U.S.C. § 1334 ............................................................................................... 11, 12

28 U.S.C. § 1334(b) ................................................................................................ 13

28 U.S.C. § 1447 .................................................................................. 1, 10, 20, 21

28 U.S.C. § 1447(c) .......................................................................................... 10, 17

28 U.S.C. § 1452(b) ......................................................................... 1, 10, 11, 20, 21

Bankruptcy Code §524(e) ......................................................................................... 7

Cal. Lab. Code § 558.1(a) ......................................................................................... 5

Cal. Lab. Code 2698 ................................................................................................. 5

Labor Code § 558.1 .................................................................................................. 5

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE:**

Gabriel Turcios ("Turcios") hereby submits this motion (the "Motion") for remand of the above-captioned civil action (the "State Court Action") to Los Angeles County Superior Court pursuant to 28 U.S.C. §§ 1447 and 1452(b).  In support of the Motion, Turcios submits the following memorandum of points and authorities, the attached declarations of Michael L. Simon and Daniel Srourian, and the concurrently filed Index of Exhibits.

## I.    <u>INTRODUCTION</u>

The State Court Action must be remanded.  The State Court Action is a class action involving only state law causes of action and, primarily, claims under California's Labor Code. Turcios has demanded a jury trial that cannot be conducted by this Court.  Moreover, the State Court Action will have no impact on the administration of the estate because there is no estate to administer.  The bankruptcy case of RPM Harbor Services, Inc. (the "Debtor") is concluded.  The bankruptcy estate ceased upon confirmation of the Plan, the Debtor completed its plan payments, and the case was fully administered and deemed administratively closed on January 29, 2019. Because a plan was confirmed in this case and the State Court Action does not impact the Plan, the Court lacks jurisdiction (whether core or non-core) to hear the State Court Action.  Accordingly, state court is the only court with jurisdiction to adjudicate the State Court Action.

Contrary to the expected opposition of the Debtor and its owner, Sean Duke ("Duke"), Turcios is not pursuing any claim subject to the discharge.  Turcios seeks to pursue (1) state law claims for California Labor Code violations against the Debtor that arose *after* confirmation of the Plan, and (2) state law claims for California Labor Code violations against a *non-debtor third party*, Duke.  Thus, Turcios asserts solely state law causes of action that are not subject to, and were not discharged by, the Debtor's confirmed plan.

The Defendants removed the State Court Action to this Court in an attempt to shield Duke from liability.  Turcios will not be pursuing any claims against the Debtor that arose prior to the confirmation of the Plan.  Turcios understands that the Debtor does not dispute his right to pursue

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1   post-confirmation claims against it.  The sole dispute before the Court arises due to the assertion

2   of the Debtor and Duke (collectively, the "Defendants") that the Debtor's Plan precludes claims

3   against Duke, a non-debtor third party.  However, the Defendants' position is contrary to binding

4   Ninth Circuit law, the Plan's very own terms, and, most importantly, the Court's Confirmation

5   Order.

6        First, the Plan did not release or discharge any claims against Duke.  Since 1949, the law in

7   the Ninth Circuit has been clear—bankruptcy courts do not have the power to release claims

8   against non-debtors.  *See In re Lowenschuss*, 67 F.3d 1394, 1401-1402 (9th Cir. 1995) (*citing,*

9   *inter alia, Commercial Wholesales, Inc. v. Investors Commercial Corp.*, 172 F.2d 800, 801 (9th

10  Cir. 1949).  Similarly, the Ninth Circuit made clear that the Bankruptcy Code discharges only

11  debts *against the debtor*.  *See Blixseth v. Credit Suisse*, 961 F.3d 1074, 1084 (9th Cir. 2020).  The

12  Bankruptcy Code does not discharge the debts of third parties and does not prevent the pursuit of a

13  debtor's debts against third parties.  *See id.*  Moreover, there is no language in the Plan that

14  purports to discharge, release, or in any way resolve any claims against Duke.  Thus, any argument

15  that the Plan released or discharged Turcios' claims against Duke is contrary to Ninth Circuit law

16  and the Plan.

17       Second, the claims against Duke are not precluded by the Confirmation Order under the

18  doctrine of res judicata.  The plan process was not a proceeding to adjudicate Turcios' labor claims

19  and there was no substantive determination by the Court on the merits of Turcios' claims against

20  the Debtor or Duke.  The Plan merely provided that claimants in Turcios' class (Class 7) were *not*

21  impaired and "will receive no payment or distribution under the Plan."  In fact, the Defendants'

22  position that the confirmation of the Plan precludes the litigation of Turcios' claims against Duke is

23  directly contrary to the Confirmation Order.  The Confirmation Order expressly states that, even as

24  to claims against the Debtor (let alone claims against third parties like Duke), nothing in the Plan

25  nor the Confirmation Order constitutes an adjudication as to the validity, amount, priority, or

26  dispute as to any such claim.  Moreover, the Defendants' position that the Plan resolved Turcios'

27  claims against Duke runs afoul of the law in the Ninth Circuit discussed above that the Plan cannot

28

1  release or discharge claims against third parties.  The Defendants' attempt to make an end run

2  around binding Ninth Circuit precedent fails.

3         Simply put, the Defendants position that the plan somehow precludes Turcios' claims

4  against Duke is contrary to the Plan, the Confirmation Order, and binding Ninth Circuit.  The Plan

5  did not release, discharge, or otherwise resolve Turcios' claims against Duke.  Rather, all the Plan

6  effected was a run-of-the-mill discharge that prevents Turcios from pursuing his pre-confirmation

7  claims against the *Debtor*.  Turcios is not barred, by res judicata or otherwise, from pursuing his

8  claims against Duke.  Any argument to the contrary cannot be reconciled with Ninth Circuit law

9  and the Plan's terms.

10        Accordingly, the State Court Action should be remanded.  The Court does not have

11  jurisdiction to hear the State Court Action.  Moreover, the equitable factors traditionally

12  considered by bankruptcy courts overwhelmingly support remand of the State Court Action.  The

13  Defendants' flawed arguments that the claims against Duke are precluded can be raised in state

14  court.  Turcios respectfully requests that the Court remand the State Court Action to Superior

15  Court and award Turcios attorney's fees and costs, subject to proof.

16

17  **II.    <u>SUMMARY OF ISSUES</u>**

18        Through the Motion, Turcios requests authority to remand the State Court Action to

19  Superior Court to allow Turcios to file the First Amended Complaint (defined below).  The First

20  Amended Complaint makes clear that Turcios is pursuing two categories of claims: (1) post-

21  confirmation state law claims against the Debtor, and (2) pre- and post-confirmation state law

22  claims against Duke, the Debtor's owner.  Turcios is not attempting to pursue claims against the

23  Debtor that arose pre-confirmation.  Turcios believes that the Defendants do not dispute that the

24  Debtor's Plan did not discharge post-confirmation state law claims against the Debtor.[1]  Therefore,

25  underlying the requested remand of the State Court Action is the issue of whether the Debtor's

26  Plan discharged or otherwise precludes Turcios' claims against Duke.

27  _____

28        [1] In the event the Defendants oppose Turcios' pursuit of post-confirmation state law claims against the Debtor, Turcios will address such in his reply.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

III.    **BACKGROUND**

A.    **The Debtor's Bankruptcy Case and Confirmed Plan**

On April 12, 2017, the Debtor filed a voluntary petition under chapter 11 of the United States Bankruptcy Code commencing Case No. 2:17-bk-14484-WB.  Turcios did not file a proof of claim or appear in the Debtor's case.

On October 5, 2018, the Debtor filed an amended plan of reorganization.  (*See* Docket No. 348.[2])  On January 15, 2019, the Court entered an order modifying the amended plan of reorganization (the "Plan").[3]  (*See* Docket No. 422)  A true and correct copy of the Plan is attached to the concurrently filed Index of Exhibits (the "Index") as Exhibit "1."  The Plan provides as follows: "upon entry of a final decree and order closing the chapter 11 case, *Debtor shall be discharged* of liability for payment of debts incurred before confirmation of the Plan, to the extent specified in 11 U.S.C. § 1141."  (*See* Ex. 1, Plan at 14, § IV.A.)

The Plan did not adjudicate Turcios' claims.  The Plan listed Turcios as a member of Class 7.  (*See* Plan at Ex. I.)  The Plan provided the following treatment for Class 7: "Claimants in this class will receive no payment or distribution under the Plan."  (*See id.* at 13, lines 2-3.)  The Plan also listed Class 7 as *not* impaired.  (*See id.*)  The Plan did not provide for any third party releases, including any releases of claims against Duke.

On January 29, 2019, the Court entered an order confirming the amended plan as modified (the "Confirmation Order").  A true and correct copy of the Confirmation Order is attached to the concurrently filed Index as Exhibit "2."   The Confirmation Order provides as follows:  "11.  Discharge of *Debtor*.  Pursuant to 11 U.S.C. § 1141(d), and except as otherwise provided in this Confirmation Order, upon completion of all distributions to all classified and unclassified claims under the Plan, all claims under the Plan shall be discharged . . . ."  (Ex. 2, Confirmation Order at 12, ¶ 11 (emphasis added).)  Section 1141(d) limits the extent of the discharge to claims that arose

---

[2] All citations to the docket in this section II.A. of the Motion refer to the docket in the bankruptcy case, Case No. 2:17-bk-14484-WB.

[3] The plan was modified to provide that class 3 under the plan is unimpaired and will receive post-petition interest.  (*See* Order Granting Debtor and Debtor-In-Possession's Motion to Modify Chapter 11 Debtor's Plan of Reorganization with Court Approved Modifications, Docket No. 422.)

prior to confirmation.  *See* 11 U.S.C. § 1141(d).  The Confirmation Order also provides that "Nothing in this Order or the Plan . . . *prevents a future objection and adjudication of the validity, amount, or dispute relating to any claim against Debtor in this bankruptcy case*."  (Ex. 2 at 13, ¶ 12 (emphasis added).)

On January 29, 2019, the Court entered an order granting the Debtor's motion for final decree and closing case [Docket No. 438] ("Order Closing Case").  A true and correct copy of the Order Closing Case is attached to the concurrently filed Index as Exhibit "3."  Under the Order Closing Case, the Court ordered "that Debtor, having completed the payments under the [Plan], is entitled to receive a discharge."  (Ex. 3 at 1.)  The Order Closing Case also ordered that the case is administratively closed.  (*See id.* at 2.)

**B.    The State Court Action**

On January 10, 2020, pursuant to California's Private Attorney General Act ("PAGA") (*see* Cal. Lab. Code 2698, *et seq*.), Turcios gave written notice to the Labor and Workforce Development Agency and the Defendants of the Defendants' Labor Code violations (the "PAGA Notice").  A true and correct copy of the PAGA Notice is attached to the concurrently filed Index as Exhibit "4."

Through the written notice, Turcios asserted claims under Labor Code § 558.1, which statute imposes independent liability for owners of employers or persons acting on behalf of an employer for certain Labor Code violations.  *See* Cal. Lab. Code § 558.1(a) ("Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation."); s*ee also*, *Ochoa-Hernandez v. Cjaders Foods, Inc.* 2009 WL 1404694 (N.D. Cal. 2009) (granting motion to amend complaint to add PAGA claims against owners pursuant to Labor Code § 558.1.)  The PAGA Notice did not specify any dates for the Defendants' Labor Code violations.  (*See* Ex. 4.)

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP

3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

On January 27, 2020, the Defendants sent a letter to Turcios' state court counsel alleging that the PAGA Notice violated the Debtor's discharge injunction.  Turcios' state court counsel then reached out to the Defendants' counsel.  (*See* Ex. 5, Jan. 30, 2020 D. Srourian email *et seq.*)

On February 12, 2020, counsel for Turcios and the Defendants had a telephone conference where the Defendants' counsel stated that he would look into whether the Plan discharged PAGA claims against the Debtor or discharged any claims against Duke.  (*See* Ex. 5, February 12, 2020 D. Srourian email.)  Receiving no response for approximately two months, on April 17, 2020, Turcios filed the complaint (the "Complaint") against the Defendants in the Superior Court for the State of California, County of Los Angeles, Case No. 20STCV15139.  A true and correct copy of the Complaint is attached to the concurrently filed Index as Exhibit "6."  As alleged in the Complaint, the Defendants purposefully misclassified drivers, including Turcios, as independent contractors rather than employees, thereby denying them the fundamental protections due to employees under the California Labor Code and the California Industrial Welfare Commission's Wage Orders.  The Complaint did not clearly specify any dates for the Defendants' Labor Code violations.  To date, the Complaint has not been served.

On April 30, 2020, approximately two weeks after the Complaint was filed, the Defendants finally responded to Turcios.  The Defendants asserted their position that PAGA claims against the Debtor were discharged.  The Defendants also asserted that "All employment claims against *Sean Duke* are barred" because, under the Plan, "his claim has been valued at $0 and he has been paid in full.  This is res judicata and he cannot now relitigate the claim."  (*See* Ex. 5, April 30, 2020 M. Lubic email.)  Turcios' counsel repeatedly requested that the Defendants provide authority for their position that the claims against Duke are barred.  (*See* Ex. 5, June 30, 2020, July 2, 2020, and July 6 D. Srourian emails.)

On July 10, 2020, the Defendants filed a notice of removal [Docket No. 1] removing the State Court Action to this Court.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

## IV.    **REQUESTED RELIEF**

Turcios has amended the Complaint (the "First Amended Complaint") to clarify that Turcios is only pursuing post-confirmation claims (that arose after January 29, 2019) against the Debtor and pre- and post-confirmation claims against Duke.  A true and correct copy of the proposed First Amended Complaint is attached to the concurrently filed Index as Exhibit "7." Through the Motion, Turcios respectfully requests that the Court remand the State Court Action to allow Turcios to file the First Amended Complaint.

## V.    **THE STATE COURT ACTION SHOULD BE REMANDED**

A motion to remand can be brought under the bankruptcy remand statute, 28 U.S.C. § 1452(b), and/or the general federal remand statute, 28 U.S.C. § 1447(c).  *See In re Hotel Mt. Lassen, Inc.*, 207 B.R. 935, 938 (Bankr. E.D. Cal. 1997).  Section 1447(c) authorizes remand for lack of subject matter jurisdiction.  Section 1452(b) provides that a bankruptcy court to which a claim or cause of action was removed "may remand such claim or cause of action on any equitable ground."  28 U.S.C. § 1452(b).  The "'any equitable ground'" remand standard is an unusually broad grant of authority.  It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes."  *In re McCarthy*, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999). "Courts generally consider up to fourteen factors in deciding whether to remand a case to state court."  *In re Enron Corp.*, 296 B.R. 505, 508 (C.D. Cal. 2003).  The factors are:

1.    The effect or lack thereof on the efficient administration of the estate if a court recommends remand;

2.    The extent to which state law issues predominate over bankruptcy issues;

3.    The difficulty or unsettled nature of the applicable law;

4.    The presence of a related proceeding commenced in state court or other non-bankruptcy court;

5.    The jurisdictional basis, if any, other than 28 U.S.C. § 1334;

6.    The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7.    The substance rather than form of an asserted "core" proceeding;

8.    The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9.    The burden on the bankruptcy court's docket;

10.   The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11.   The existence of a right to a jury trial;

12.   The presence in the proceeding of non-debtor parties;

13.   Comity; and

14.   The possibility of prejudice to other parties in the action.

*In re Cytodyn of New Mexico, Inc.*, 374 B.R. 733, 738 (Bankr. C.D. Cal. 2007); *see also In re Enron Corp.*, 296 B.R. at 508 n. 2.  "Because Section 1452(b) affords 'an unusually broad grant of authority,' any one of the relevant factors may provide a sufficient basis for equitable remand." *Federal Home Loan Bank of Chicago v. Bank of America Securities LLC,* 448 B.R. 517, 525 (C.D. Cal. 2011).

Here, the majority of the above-factors overwhelmingly support remand of the State Court Action.

### A.   Remand Will Not Affect the Efficient Administration of the Estate

The first factor strongly weighs in favor of remand.  Remand will not impact the administration of any estate because there is no longer an estate to administer.  The estate ceased to exist upon confirmation of the Plan and the case was deemed administratively closed pursuant to the Order Closing Case entered on January 29, 2019.  (*See* Ex. 3, Order Closing Case at 2.)  Accordingly, there is no negative impact on the efficient administration of the estate.

### B.   State Law Issues Predominate

This factor strongly weighs in favor of remand.  All causes of action in the First Amended Complaint are based on California state law and a specialized area of the law at that, the California

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

Labor Code.  Accordingly, the State Court Action is most appropriately litigated in state court. *See In McCarthy*, 230 B.R. 414, 418 (B.A.P. 9th Cir. 1999) (remanding a state court lawsuit because all of the causes of action were "grounded upon state law."); *see also In re Cytodyn of New Mexico, Inc.*, 374 B.R. 733, 739 (Bankr. C.D. Cal. 2007) (holding that this factor weighs strongly in favor of remand where the "proceeding consists to an overwhelming degree of California state law issues.").

### C.    The Difficulty of the Applicable Law

This factor weighs in favor of remand.  Labor Code violations are a specialized area of the law, which the state court is likely more familiar with.

### D.    The Presence of a Related Proceeding Commenced in State Court

This factor weighs in favor of remand.  The State Court Action was commenced by Turcios in state court.  *See In re Cytodyn of New Mexico, Inc.*, 374 B.R. at 739 (reasoning that the commencement of the action in state court weighed in favor of remand.)

### E.    There is No Jurisdictional Basis Other than 28 U.S.C. § 1334

No federal jurisdictional basis exists (absent *potentially* § 1334).  The State Court Action does not involve questions of federal law, but only issues of state law under California's Labor Code.  Moreover, diversity jurisdiction does not exist because the parties all reside in California. *See* 28 U.S.C. § 1332(a).  Thus, this factor supports remand.

Moreover, the Court does not have jurisdiction to hear the State Court Action under § 1334.  The State Court Action is not a proceeding arising under title 11, or arising in or related to cases under title 11.  *See* 28 U.S.C. § 1334(b).

#### 1.    The State Court Action Does Not Arise Under Title 11

A proceeding "arises under" title 11 if it involves a "cause of action created or determined by a statutory provision of title 11."  *See In re General Carriers Corp.*, 258 B.R. 181, 189 (B.A.P. 9th Cir. 2011); *see also In re Marshall*, 264 B.R. 609, 627 (C.D. Cal. 2001) ("Proceedings 'arising under' title 11 are those substantive claims for relief that are based on rights expressly granted by title 11, the bankruptcy code.").  Here, none of the causes of action in the First Amended

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

Complaint are created or determined by a statutory provision of title 11.  Accordingly, the State

Court Action does not arise under title 11.

### 2.    The State Court Action Does Not Arise In Title 11

Proceedings that "arise in" a case under title 11 "refer to administrative matters that arise

only in bankruptcy cases and that would have no existence outside of bankruptcy."  *In re General

Carriers Corp.*, 258 B.R. at 189; *In re Marshall*, 264 B.R. at 627; *see also Matter of Wood*, 825

F.2d 90, 97 (5th Cir. 1987) ("'[A]rising in' proceedings are those that are not based on any right

expressly created by title 11, but nevertheless, would have no existence outside of the

bankruptcy.")

The State Court Action involves exclusively state law causes of action that are not created

by the Bankruptcy Code and that exist entirely outside of bankruptcy.  The Complaint was filed on

April 17, 2020 in Superior Court, well after the Debtor's case was fully administered and deemed

administratively closed on January 29, 2019.  Thus, the State Court Action does not arise in title

11.

### 3.    The Bankruptcy Court Does Not Have "Related To" Jurisdiction

Courts in the Ninth Circuit generally apply the "conceivable effect" test to determine

whether an action is related to bankruptcy.  *See In re Fietz,* 852 F.2d 455, 457 (9th Cir.

1988) (adopting the Third Circuit's articulation of the test in *Pacor, Inc. v. Higgins,* 743 F.2d 984

(3d Cir. 1984)).

> The usual articulation of the test for determining whether a civil
> proceeding is related to bankruptcy is whether *the outcome of the
> proceeding could conceivably have any effect on the estate being
> administered in bankruptcy.* [citations omitted].  Thus, the
> proceeding need not necessarily be against the debtor or against the
> debtor's property.  An action is related to bankruptcy if the outcome
> could alter the debtor's rights, liabilities, options, or freedom of
> action (either positively or negatively) and which in any way
> impacts upon the handling and administration of the bankrupt estate.

*In re Fietz,* 852 F.2d at 457 (quoting *Pacor, Inc. v. Higgins,* 743 F.2d at 994 (emphasis

in *Pacor* )).  However, once a bankruptcy plan has been confirmed, the Ninth Circuit has curtailed

the reach of "related to" jurisdiction to ensure that bankruptcy jurisdiction does not continue

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1   indefinitely.  *See In re Pegasus Gold Corp.,* 394 F.3d 1189, 1194 (9th Cir. 2005).  In determining

2   whether "related to" jurisdiction exists when a plan has been confirmed, the Ninth Circuit applies

3   the "close nexus" test, which asks "whether there is a close nexus to the bankruptcy plan or

4   proceeding sufficient to uphold bankruptcy court jurisdiction over the matter."  *See id.* at 394 F.3d

5   at 1194.  Matters that have a sufficiently close nexus include those "affecting the interpretation,

6   implementation, consummation, execution, or administration of the confirmed plan . . . ."  *See id.*

7   (internal quotes omitted.)

8           Here, the State Court Action will not *affect* the interpretation, implementation,

9   consummation, execution, or administration of the Plan.  The Plan was administered in January

10  2019 and the case was then deemed administratively closed.  Because the Plan has already been

11  administered, the State Court Action can have no effect on the Plan.  Moreover, the claims being

12  pursued by Turcios, claims against the non-debtor third party Duke, and claims against the Debtor

13  arising *after* confirmation of the Plan, are not subject to the Plan.  Therefore, the Court does not

14  have "arising under," "arising in," or "related to" jurisdiction.

15          **F.     The Degree of Relatedness or Remoteness of the Action**

16          This factor weighs in favor of remand.  In evaluating this factor, courts analyze whether

17  the removed action constitutes a core or non-core proceeding.  *See In re Cytodyn, Inc.*, 374 B.R. at

18  740; *see also In re Copelin*, 2014 WL 2810190, * 3 (Bankr. C.D. Cal. 2014).  The State Court

19  Action contains only non-core claims.  The State Court Action is based solely on the California

20  Labor Code, California's Business and Professions Code, and California's Private Attorney

21  General Act.  The State Court Action contains no federal claims or causes of action and is

22  independent of the Debtor's bankruptcy case.  Moreover, as discussed above, the State Court

23  Action does not arise under or in a case under title 11.

24          **G.     The Substance Rather than Form of an Asserted Core Proceeding**

25          This factor weighs in favor of remand.  As established above, the State Court Action is a

26  non-core proceeding of exclusively state law causes of actions.  The claims are not based on rights

27  created or determined by the Bankruptcy Code.

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**H.**    **The Feasibility of Severing State Law Claims from Core Bankruptcy Matters to Allow Judgments to be Entered in State Court with Enforcement Left to the Bankruptcy Court**

This factor weighs in favor of remand.  All of the claims arise under state law.  There are no core bankruptcy matters to sever from the State Court Action.

**I.**    **Burden on the Bankruptcy Court's Docket**

This factor weighs in favor of remand.  The Debtor's Plan was confirmed and the case was closed.  This matter was initially brought before the Superior Court and there is no reason to burden this Court's docket when the State Court Action can and should be heard in Superior Court.

**J.**    **The Defendants are Forum Shopping**

This factor weighs in favor of remand.  There was no reason for the State Court Action to be removed to this Court.  The Plan was confirmed, the estate was administered, and the case has been closed since January 29, 2019.  The claims being pursued by Turcios are not subject to the Debtor's Plan.  Turcios made clear that he was not pursuing any claims against the Debtor that were discharged.  (*See* Ex. 5, June 30, 2020 D. Srourian email.)  The State Court Action should have remained in state court.  However, the Defendants' removed of the State Court Action in an apparent attempt to cause delay, create leverage against Turcios, and impermissibly shield Duke from liability.  Prior to removal, Turcios' state court counsel repeatedly requested authority from the Defendants supporting their position that the Plan discharged claims against Duke.  The Defendants did not respond to Turcios' February 12, 2020 request for authority until April 30, 2020 (after the Complaint was filed), then removed the case.  To date, the Defendants have not provided any authority to support their position that the Plan barred claims against Duke.

**K.**    **The Plaintiff's Right to a Jury Trial**

This factor weighs in favor of remand.  Turcios has a right to a jury trial.  Turcios requested a jury trial in the Complaint and reserved its right to jury trial through the *Reservation of Right to Jury Trial* [Docket No. 14].  Turcios will continue to request a jury trial through the First Amended Complaint.  Turcios does not consent to a jury trial conducted by the bankruptcy court.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**L.    The State Court Action Involves Non-Debtor Parties**

This factor weighs in favor of remand.  Duke is a non-debtor party and his position that the claims against him are in any way subject to the Plan is false.  Moreover, through the First Amended Complaint, Turcios proposes to add DOE defendants.  Thus, other non-debtor parties may be added.

**M.    Interests of Comity Support Remand**

Interests of comity support remand.  The State Court Action is based solely on issues of California law, which should be heard in state court.  Moreover, as discussed above, it appears that the Defendants' motives for removal were to delay or prevent the adjudication of the State Court Action by the Superior Court.  The Defendants' apparent gamesmanship should not be permitted.

**N.    The Possibility of Prejudice Weighs in Favor of Remand**

The possibility of prejudice weighs in favor of remand.  The Defendants' removal appears to be a tactic to delay the State Court Action and improperly shield Duke, which has increased Turcios' litigation costs.  In contrast, the Defendants will not be prejudiced by remand—having to defend state law claims in state court where the action was originally brought is not prejudice.  Moreover, the most efficient way to complete the State Court Action is to allow the Superior Court to do so.  The State Court Action should be remanded back to Superior Court.

**VI.    TURCIOS SHOULD BE ALLOWED TO PURSUE HIS CLAIMS AGAINST DUKE BECAUSE THE PLAN COULD NOT AND DID NOT DISCHARGE ANY CLAIMS AGAINST DUKE**

Notwithstanding the fact that the State Court Action must be remanded, Turcios expects the Defendants will oppose the Motion in an attempt to protect Duke.  As set forth above, Turcios is not pursuing any claims against the Debtor that arose prior to the confirmation of the Plan.  Duke's alleged defenses to the claims against him can be raised in state court.  Moreover, Turcios' claims against Duke were not discharged, released or resolved by the Plan.

**A.**    <u>**The Plan Could Not Release or Discharge Any Claims Against Duke**</u>

The Ninth Circuit has repeatedly held that bankruptcy courts do not have the power to release or discharge claims against non-debtors. *See In re Lowenschuss*, 67 F.3d 1394, 1401-1402 (9th Cir. 1995) (*citing, inter alia, Commercial Wholesales, Inc. v. Investors Commercial Corp.*, 172 F.2d 800, 801 (9th Cir. 1949), and collecting cases.) Bankruptcy courts lack the power to confirm plans that "release *third parties* from liability[.]" *See id.* at 1401. According to the Ninth Circuit, § 524(e) of the Bankruptcy Code precludes courts from releasing or "discharging the liabilities of non-debtors." *See id.* In *Lowenschuss*, the Ninth Circuit held that a plan, which included a release of non-debtor parties, could not be confirmed. *See id.*

The Ninth Circuit recently reaffirmed its position that a plan cannot release or discharge liabilities of third parties. In *Blixseth*, the Ninth Circuit stated as follows:

> In other words, the discharge in no way affects the liability of any other entity . . . for the *discharged* debt. By its terms, § 524(e) prevents a bankruptcy court from extinguishing claims of creditors against non-debtors over the very debt discharged through the bankruptcy proceedings.
>
> That § 524(e) confines the debt that may be discharged to the debt of the debtor—and not the obligations of third parties for that debt—conforms to the basic fact that a discharge in bankruptcy does not extinguish the debt itself but merely releases the debtor from personal liability . . . . The debt still exists, however, and can be collected from any other entity that may liable.
>
> . . .
>
> A bankruptcy discharge thus protects the debtor from efforts to collect the debtor's discharged debt indirectly and outside of the bankruptcy proceedings; it does not however, absolve a non-debtor's liabilities for that *same* such debt.

*Blixseth v. Credit Suisse*, 961 F.3d 1074, 1082-1083 (9th Cir. 2020) (citations and quotations omitted ) (emphasis in original).[4]

---

[4] In *Blixseth*, the Ninth Circuit carved out a limited exception to the general prohibition against third-party releases when an exculpation clause's release is "one focused on actions of various participants in the Plan approval process and relating only to that process." 961 F.3d at 1082. This exception does not apply here because Turcios is not asserting claims relating to the plan approval process.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

The Defendants' position that the Plan somehow eliminated Turcios' claims against Duke is contrary to Ninth Circuit law. Bankruptcy courts in the Ninth Circuit do not have the power to release claims against non-debtors. Under binding Ninth Circuit precedent, the Plan could not release or discharge the liabilities of any non-debtor, including Duke, and does not release Duke of any liabilities of the Debtor. Moreover, the Plan did not even attempt to extend the Debtor's discharge to any claims against Duke. The plain language of the Plan provides for a run-of-the-mill discharge that applies only to the Debtor. (*See* Plan at IV.A., stating that "*Debtor* shall be discharged of liability for payment of debts incurred before confirmation of the Plan . . . .") The Plan does not contain any language that provides for any releases of claims against Duke. Nor is there any indication in the Plan that the Debtor was attempting to release claims against Duke or to make determinations on the merits of Turcios' claims against Duke. The Plan simply does not contain any language that purports to discharge, release, or resolve any claims against Duke.

### B.    Turcios' Claims Against Duke Are Not Barred by Res Judicata

Turcios anticipates that the Defendants will continue to argue that Turcios' claims against Duke are barred by res judicata. (*See* Ex. 5, April 30, 2020 and June 30, 2020 M. Lubic emails.) This position fails for several reasons, including because the Confirmation Order expressly states otherwise.

### 1.    There Were No Substantive Determinations On the Merits of Turcios' Claims To Give Res Judicata Effect To

Res judicata does not bar Turcios' claims against Duke because such claims have not yet been litigated. There was no proceeding before the Court to adjudicate Turcios' Labor Code claims. In confirming the Plan, the Court did not determine the merits of any of Turcios' claims, whether against the Debtor or Duke. Contrary to the Defendants' position, the Court did not value Turcios' claims (whether against the Debtor or Duke) at $0 or in any other amount. Nor did the Court determine that Turcios was paid in full. *The Defendants' alleged language is not in the Plan*. Rather, the Plan merely states that the claimants' in Class 7 will not receive a distribution under the Plan. (*See* Ex. 1 at 10.) Thus, the Defendants' position is not supported by the Plan.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

The Confirmation Order makes clear that the Court did not, by confirming the Plan, adjudicate any claims against the Debtor (let alone claims against third parties like Duke). Any issue or claim preclusion would stem from the Court's order confirming the Plan. However, the Confirmation Order expressly provided that "Nothing in this Order or the Plan . . . **prevents a future . . . adjudication of the validity, amount, or dispute relating to any claim against Debtor in this bankruptcy case**." (Ex. 2 at ¶ 12. (emphasis added.)) The very order upon which the Defendants rely unequivocally proves that their position is false. Accordingly, the Confirmation Order does not preclude the pursuit of claims against Duke.

### 2. The Defendants' Proposed Application of Res Judicata Cannot Be Reconciled With Ninth Circuit Law

The Defendants' proposed application of res judicata should be rejected because it runs afoul of binding Ninth Circuit law. As discussed above, the Ninth Circuit has repeatedly held that bankruptcy courts do not have the power to release or discharge claims against non-debtors. *See In re Lowenschuss*, 67 F.3d at 1401-1402 (9th Cir. 1995). The Defendants' position is nothing more than an attempted end run around Ninth Circuit law. A determination that the Confirmation Order precludes Turcios' claims against Duke would effectively constitute the type of third-party release prohibited in the Ninth Circuit. Whatever the label, according to the Ninth Circuit, courts cannot prevent a creditor from pursuing non-debtor parties. *See Blixseth v. Credit* Suisse, 961 F.3d 1074, 1083-84 (9th Cir. 2020). Accordingly, Turcios' claims against Duke are not barred by res judicata.

### C. Turcios Did Not Receive Due Process That the Debtor Was Attempting to Adjudicate Turcios' Claims

The doctrine of res judicata cannot apply because Turcios never received due process that any of his claims, whether against the Debtor or Duke, were being adjudicated. *See In re Enewally,* 368 F.3d 1165, 1173 (9th Cir. 2004) (confirmed plan has no res judicata effect as to issues that were not sufficiently evidenced in plan to provide adequate notice to creditor); *see also Brown v. Felsen*, 442 U.S. 127, 132 (1979) ("Because res judicata may govern grounds and

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

defenses not previously litigated, however, it blockades unexplored paths that may lead to truth . . . It therefore is to be invoked only after careful inquiry."); *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 329 (1971) (Due process prohibits application of collateral estoppel to one who has never appeared in prior action).

Turcios never received notice that, by the Plan, the Debtor was attempting to adjudicate his claims against the Debtor or Duke. *Nowhere does the Plan provide for a determination of Turcios' claims (or any creditor's claim) against the Debtor or Duke.* The Plan expressly provides only the following treatment to Turcios: "Claimants in this class will receive no payment or distribution under the Plan." (*See* Ex. 1 at 10.) This language is not a determination of the merit, value or amount of Turcios' claims. Moreover, the Plan further states that Turcios' claim is *unimpaired*, meaning his rights are not in any way affected by the Plan. To the extent the Debtor now takes the positon that it sought to adjudicate Turcios' claims by the Plan, Turcios did not receive any due process related thereto. Therefore, res judicata is inapplicable.

## VII.    TURCIOS IS ENTITLED TO ATTORNEY'S FEES AND COSTS UNDER 28 U.S.C. § 1447(c)

Under 28 U.S.C. § 1447(c), "[a]n order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to order an award of attorney's fees is within the discretion of the court. *See Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992). Bad faith need not be shown before making a fee award under § 1447(c). *See id.* at 446-447. An award of attorney's fees "is not a punitive measure[,]" but is meant to reimburse the plaintiff for "unnecessary litigation costs. . . ." *See In re Hotel Mt. Lassen, Inc.*, 207 B.R. 935, 943 (Bankr. E.D. Cal. 1997).

In *Hotel Mt. Lassen*, the bankruptcy court determined that attorney's fees were appropriate where, as here, the owners of a debtor removed a lawsuit them under the inaccurate theory that debts in question were discharged in the debtor's chapter 11 case. *See id.* at 943. The court concluded as follows:

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

> This is an instance in which attorney fees are justified. In the course of this matter, the removing defendants have made a number of misstatements of law and fact to the plaintiffs. They have, for example, represented to their adversaries that the debts in question were discharged in the chapter 11 case and that any personal liability on their own account was extinguished. The plan of reorganization plainly provides that the corporation's debts are not discharged and does not provide for third-party releases.

> Although the court does not conclude that the removing defendants acted in bad faith, the fact remains that they have visited unnecessary legal expenses upon the plaintiffs in a cause that was of dubious merit and that should not have been in federal court. If the removing defendants want the benefits of federal bankruptcy protection, they will have to file their own bankruptcy cases. It is appropriate that the court exercise its discretion in this case to award attorney fees.

*See id.*

The Court should exercise its discretion to award Turcios his attorney's fees and costs for the improper removal of the State Court Action. The Defendants have inflicted unnecessary litigation costs on Turcios. Turcios made several requests for legal authority from the Defendants to support their position that claims against Duke are barred by res judicata. (*See* Ex. 5, June 30, 2020, July 2, 2020, and July 6 D. Srourian emails.) The Defendants never provided any legal authority in response to these requests. Instead, like the defendants in *Hotel Mt. Lassen*, the Defendants removed the State Court Action under the dubious theory that the Plan discharged or precluded claims against Duke—a theory that is categorically false under Ninth Circuit law, the terms of the Plan, and the Court's Confirmation Order. The Defendants made the following statements concerning the claims against Duke:

- "Even if he is determined to have standing, his claim has been valued at $0 and he has been paid in full. This is res judicata and he cannot now relitigate the claim." (Ex. 5, April 30, 2020 M. Lubic email.)

- "Further, the claims against Mr. Duke have also been satisfied and are barred." (*Id.*, June 24, 2020 M. Lubic email.)

- "What is res judicata is that Mr. Turcios's claim has been valued and paid in full." (*Id.*, June 30, 2020 M. Lubic email.)

- "[T]he issue is that the claims were paid in full." (*Id.*, June 30, 2020 M. Lubic email.)

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

- "His claim was valued at $0 and paid in full." (*Id.*, June 30, 2020 M. Lubic email.)

- "[T]his is res judicata and he cannot now relitigate the claim." (*Id.,* June 30, 2020 M. Lubic email.)

The statements above are simply not true. The Plan could not and did not in any way release, discharge, or otherwise resolve Turcios' claims against non-debtor Duke. The Confirmation Order makes crystal clear that the Plan did not adjudicate any claims, whether against the Debtor or Duke. There was no proceeding to determine Turcios' claims that would give rise to res judicata. The Court did not value Turcios' claims at $0 or determine that they have been satisfied. This State Court Action should not have been removed to this Court. Like the defendants in *Hotel Mt. Lassen*, if Duke wanted claims against him discharged, barred, or released, then he should have filed individually. Therefore, the award of attorney's fees and costs, is justified.

## VIII.    <u>CONCLUSION</u>

Based on the foregoing, Turcios respectfully requests that the Court remand the State Court Action to the Superior Court to allow Turcios to file the First Amended Complaint or a first amended complaint in substantially same form as the First Amended Complaint,s and award Turcios attorney's fees and costs, subject to proof.

DATED:  September 29, 2020              SMILEY WANG-EKVALL, LLP

By:    */s/ Michael L. Simon*
_____
ROBERT S. MARTICELLO
MICHAEL L. SIMON
Attorneys for Gabriel Turcios.

## DECLARATION OF MICHAEL L. SIMON

I, Michael L. Simon, declare as follows:

1.    I am an attorney with Smiley Wang-Ekvall, LLP, bankruptcy counsel for Gabriel Turcios in the above-captioned case.  I am licensed to practice before this Court and the courts of the State of California.  I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto.  I make this declaration in support of Turcios' motion (the "Motion") for remand of the above-captioned civil action (the "Action") removed by RPM Harbor Services, Inc. and Sean Duke, to Los Angeles County Superior Court pursuant to 28 U.S.C. §§ 1447 and 1452(b).  Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

2.    A true and correct copy of the Plan is attached to the concurrently filed Index of Exhibits as Exhibit "1."

3.    A true and correct copy of the Confirmation Order is attached to the concurrently filed Index of Exhibits as Exhibit "2."

4.    A true and correct copy of the Order Closing Case is attached to the concurrently filed Index of Exhibits as Exhibit "3.".

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 29th day of September, 2020, at South Pasadena, California.

/s/ Michael L. Simon
MICHAEL L. SIMON

DECLARATION

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

### DECLARATION OF DANIEL SROURIAN

I, Daniel Srourian, declare as follows:

1.      I am an attorney with Srourian Law Firm, state court counsel for Gabriel Turcios.  I am licensed to practice before this Court and the courts of the State of California.  I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto.  I make this declaration in support of Turcios' motion (the "Motion") for remand of the above-captioned civil action (the "Action") removed by RPM Harbor Services, Inc. and Sean Duke, to Los Angeles County Superior Court pursuant to 28 U.S.C. §§ 1447 and 1452(b).  Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

2.      A true and correct copy of the PAGA Notice is attached to the concurrently filed Index of Exhibits as Exhibit "4."

3.      A true and correct copy of the email correspondence between the Defendants' counsel and myself from January 27, 2020 through September 10, 2020 is attached to the concurrently filed Index of Exhibits as Exhibit "5."

4.      A true and correct copy of the Complaint is attached to the concurrently filed Index as Exhibit "6."

5.      A true and correct copy of the proposed First Amended Complaint is attached to the concurrently filed Index of Exhibits as Exhibit "7."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this __th day of September, 2020, at _____, California.

Signature to follow _____
DANIEL SROURIAN

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**3200 Park Center Drive, Suite 250, Costa Mesa, CA. 92626**

A true and correct copy of the foregoing document entitled (*specify*): **Plaintiff's Motion for Remand of Civil Action to California Superior Court Pursuant to 28 U.S.C. Section 1447 and 1452(b) and Request for Attorney's Fees and Costs; Memorandum of Points and Authorities and Declarations of Michael L. Simon and Daniel Srourian in Support** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **09/29/2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Armando V Arballo    armando.arballo@klgates.com, K&LGATES.Bankruptcy@klgates.com
- Vanessa M Haberbush    vhaberbush@lbinsolvency.com,
  dhaberbush@lbinsolvency.com,ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,haberbush.assistant
  @gmail.com,jborin@lbinsolvency.com,lbogard@lbinsolvency.com
- Michael B Lubic    michael.lubic@klgates.com, jonathan.randolph@klgates.com
- Robert S Marticello    Rmarticello@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Michael Simon    msimon@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/29/2020 | Lynnette Garrett | /s/ Lynnette Garrett |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.