MICHAEL B. LUBIC (SBN 122591)
TODD L. NUNN (SBN 320687)
ARMANDO V. ARBALLO (SBN 324554)
K&L GATES LLP
10100 Santa Monica Boulevard, Eighth Floor
Los Angeles, California  90067
Telephone: 310.552.5000
Facsimile:  310.552.5001
Email: michael.lubic@klgates.com
          todd.nunn@klgates.com
          armando.arballo@klgates.com

Attorneys for Reorganized Debtor
RPM HARBOR SERVICES, INC.
and SHAWN DUKE

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:17-bk-14484-WB |
| RPM HARBOR SERVICES, INC., | Chapter 11 |
| Debtor and Debtor in Possession. | Adv. No. 2:20-ap-01156-WB |
| GABRIEL TURCIOS, an individual, on behalf of himself and others similarly situated, | **NOTICE OF MOTION AND MOTION OF RPM HARBOR SERVICES, INC. AND SHAWN DUKE TO DISMISS CLASS ACTION COMPLAINT OF GABRIEL TURCIOS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF MICHAEL LUBIC IN SUPPORT THEREOF** |
| Plaintiff, | |
| vs. | |
| RPM HARBOR SERVICES, INC., a California Corporation; SHAWN DUKE, an individual; and Does 1 - 100, inclusive, | Date:        November 17, 2020<br>Time:        2:00 P.M.<br>Dept.:        1375 |
| Defendants. | |

1

1    **TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY**

2    **JUDGE AND PLAINTIFF GABRIEL TURCIOS:**

3        **PLEASE TAKE NOTICE** that, on November 17, 2020 at 2:00 p.m., or as soon

4    thereafter as the  matter may be heard, defendants RPM Harbor Services, Inc. ("RPM") and

5    Shawn Duke ("Duke") (collectively, "Defendants"), by and through their undersigned counsel,

6    will and hereby do move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the

7    "FRCP"), as made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy

8    Procedure (the "Bankruptcy Rules"), to dismiss with prejudice Plaintiff Gabriel Turcios' Class

9    Action Complaint (the "Complaint") (the "Motion").[1]

10        This request is based on this Notice of Motion and Motion, the annexed Memorandum of

11   Points and Authorities, the Declaration of Michael B. Lubic filed concurrently with this Motion,

12   all pleadings and records on file with the court, and such other evidence and arguments made at

13   or before any hearing on this Motion.

14        **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1,

15   any party wishing to oppose this Motion must file a written opposition with the court no later than

16   fourteen (14) days prior to the hearing on this Motion. Any failure to timely file and serve

17   oppositions may result in any such oppositions being waived, and the Court may enter an order

18   granting the Motion without further notice.

---

[1] Plaintiff is subject to a binding arbitration agreement. Defendants intend to move to compel arbitration under that agreement and expressly reserve their right to do so. Defendants seek relief in this Court only on procedural grounds to enforce the benefits they received, and are entitled to, under the Bankruptcy Code. Such relief is outside the scope of an arbitrator's authority and resides in this Court under the Bankruptcy Code. Seeking this relief on procedural grounds is not litigation on the merits of the action, is not inconsistent with Defendants' right to arbitrate, and does not constitute an intentional relinquishment or waiver of the right to arbitrate. See  Newirth v. Aegis Senior Communities, LLC, 931 F.3d 935, 942 fn.10 (9th Cir. 2019) ("'Thus, moving to dismiss a complaint without prejudice or moving to dismiss an action on jurisdictional or res judicata grounds is not inconsistent with a known right to compel arbitration because such motions do not seek a judicial determination on the merits.'") (quoting Martin v. Yasuda, 829 F.3d 1118, 1124 (9th Cir. 2016)).

2

1    WHEREFORE, the Defendants request this Court enter an order dismissing with

2  prejudice all claims against Duke arising out of or related to conduct that occurred prior to the

3  confirmation date.

4                                                    Respectfully submitted,

5                                                    MICHAEL B. LUBIC
                                                     TODD L. NUNN
6                                                    ARMANDO V. ARBALLO
                                                     K&L GATES LLP

7  Dated:  October 6, 2020              By:  /s/ Michael B. Lubic
8                                                    Michael B. Lubic

9                                                    Attorneys for RPM Harbor Services, Inc. &
                                                     Shawn Duke

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     SUMMARY OF ARGUMENT

1.         Defendant Shawn Duke ("Duke"), by and through undersigned counsel, hereby moves to dismiss the class action complaint (the "Complaint") brought by Gabriel Turcios ("Turcios") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "FRCP"), as made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the relief sought herein, Duke respectfully represents to the Court as follow: in 2017, RPM filed a voluntary petition under Chapter 11 to commence Case No. 2:17-bk-14484-WB (the "Bankruptcy Case"). As part of the voluntary petition, Turcios, along with other drivers under contract to haul freight for RPM, were scheduled as disputed and contingent creditors. Turcio, along with other creditors who failed to file a proof of claim despite being listed as a contingent, unliquidated, and/or disputed creditor, was listed as a member of Class 7 as part of reorganization plan. Turcios and other similarly situated drivers were included in Class 7 as part of the reorganization plan, where such claims were valued at $0 and paid in full as part of the Plan. Turcios has since brought various employment related claims against Plaintiffs for actions which occurred before RPM filed its voluntary bankruptcy petition. Turcios and similarly situated drivers had an opportunity to file a proof of claim before the Bar Date and failed to so. The subsequent filing in state court to collect amounts that have been paid in full and/or discharged violates the discharge and the confirmation order issued by this Court. Accordingly, all claims based on conduct occurring prior to the confirmation date should be dismissed with prejudice.

## II.     JURISDICTION

2.         This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter concerns the administration of this bankruptcy estate; accordingly, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

1    III.    **FACTUAL BACKGROUND**

2        3.        Reorganized Debtor RPM Harbor Services, Inc. ("RPM") is a trucking

3    company based in Long Beach, California. Lubic Decl., ¶ 3.

4        4.        On April 12, 2017 (the "Petition Date"), RPM filed a voluntary petition

5    under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United

6    States Bankruptcy Court for the Central District of California, Los Angeles Division (the

7    "Court"), commencing the above-captioned bankruptcy case. Lubic Decl., ¶ 4.

8        5.        RPM served notice of the commencement of the bankruptcy case upon

9    Plaintiff Gabriel Turcios ("Turcios" or "Plaintiff"), along with RPM's other prepetition truck

10    drivers. Turcios is listed on the master mailing matrix filed with RPM's petition at two different

11    addresses:

12            GABRIEL A. BONILLA TURCIOS

13            2140 DENMEAD ST.

14            Lakewood, CA 90712

15

16            GABRIEL BONILLA TURCIOS

17            21929 VERNE AVE #2

18            Hawaiian Gardens, CA 90716

19        [Case Dkt. 1, p.13.]

20        6.        Further, RPM's Schedule E/F lists Turcios, again at the two above

21    addresses, as a general unsecured creditor with unliquidated and disputed claims in an unknown

22    amount. [Case Dkt. 27, p. 20.]

23        7.        On May 4, 2017, the RPM filed the Notice of Bar Date for Filing Proofs of

24    Claim in a Chapter 11 Case [Case Dkt. 24] (the "Bar Date Notice"), which established June 12,

25    2017 as the bar date (the "Bar Date") for filing proofs of claim. Turcios was served with the Bar

26    Date Notice, but did not file a proof of claim. See [Case Dkt. 24, p. 5; Claims Register.]

27        8.        On October 12, 2018, RPM filed the Notice of Administrative Bar Date

28    [Case Dkt. 354] (the "Administrative Bar Date Notice"), which established December 6, 2018

5

**NOTICE OF MOTION AND MOTION OF RPM HARBOR SERVICES, INC. AND SHAWN DUKE TO
DISMISS CLASS ACTION COMPLAINT OF GABRIEL TURCIOS**

1   (the "<u>Administrative Bar Date</u>") as the bar date for filing administrative claims against RPM. The

2   Administrative Bar Date Notice states that "[a]ll persons and entities holding a claim entitled to

3   administrative expense priority under sections 503(b) and 507(a)(2) of the Bankruptcy Code that

4   arose or accrued prior to the [Administrative Bar Date] are required to file requests for payment

5   and proof of such Administrative Expense Claim." [Case Dkt. 354, p. 2.] Further, the

6   Administrative Bar Date Notice states, in bold text, that any person that fails to file and serve an

7   administrative claim by the Administrative Bar Date "shall be forever barred, estopped, and

8   enjoined from asserting an Administrative Expense Claim . . . ." [Case Dkt. 354, p. 3]

9       9.          On October 5, 2018, RPM filed its Plan of Reorganization with Court

10  Approved Modifications [Case Dkt. 348] (the "<u>Plan</u>") and Disclosure Statement Describing Plan

11  [Case Dkt. 349] ("<u>Disclosure Statement</u>"). The Disclosure Statement stated that "Debtor will be

12  filing a motion to set a bar date for administrative claims of claimants other than those claimants

13  included in the above chart. Debtor does not anticipate that significant other administrative claims

14  will be filed." [Case Dkt. No. 349, p. 23:1-3.]

15      10.         Turcios did not file an objection to the Plan. The Plan was confirmed by

16  order of the Court dated January 29, 2019 (the "<u>Confirmation Order</u>"). [Case Dkt. 436.] The

17  Confirmation Order was not appealed and became a final judgment.

18      11.         The confirmed Plan provided treatment on account of the claims of RPM's

19  independent contractors, comprised mostly of truck drivers. Specifically, Class 3 provided that

20  RPM's general unsecured creditors would be paid in full under the Plan. Class 4 provided for

21  payment in full of the settled claims of certain drivers. Finally, Class 7 valued the claims for

22  which no proof of claim was filed and which were listed in RPM's schedules as unliquidated,

23  contingent, and/or disputed at $0.00, disallowed those claims, and therefore provided for no

24  distribution on account of such claims. In addition, administrative expense claims were to be paid

25  in full and on the Effective Date of the Plan. Lubic Decl., ¶ 10.

26      12.         The Plan provides that, "upon entry of a final decree and order closing the

27  chapter 11 case, Debtor shall be discharged of liability for payment of debts incurred before

28  confirmation of the Plan, to the extent specified in 11 U.S.C. § 1141." [Dkt. 348, p.17: 7-10.]

**NOTICE OF MOTION AND MOTION OF RPM HARBOR SERVICES, INC. AND SHAWN DUKE TO
DISMISS CLASS ACTION COMPLAINT OF GABRIEL TURCIOS**

13.     On May 15, 2019, the final decree and order closing the bankruptcy case was entered on the docket, which discharged RPM's liability for all debts arising prior to confirmation. [Case Dkt. 444.]

14.     On April 17, 2020, Turcios, on behalf of himself and all others similarly situated, filed the Complaint against Duke and RPM (together, the "Defendants") in the Superior Court for the State of California, County of Los Angeles, commencing Case No. 20STCV15139 (the "State Court Action"). Lubic Decl., ¶ 14.

15.     The Plaintiff alleges that Defendants purposefully classified their truck drivers as independent contractors rather than employees in order to deny them certain protections under California law. The allegations and claims in the State Court Action are not limited to activity occurring post-confirmation. Lubic Decl., ¶ 15.

16.     The Plaintiff premises Duke's alleged liability upon California Labor Code Section 558.1, which extends liability to any "other person acting on behalf of an employer" and who independently violates or causes a violation of the type alleged in the Complaint. Lubic Decl., ¶ 16.

17.     On July 10, 2020, RPM filed a motion to reopen the bankruptcy case in order to remove the State Court Action to this Court in order to enforce the discharge injunction and confirmation order. On the same date, Defendants filed a Notice of Removal of the State Court Action to this Court, initiating Adv. Pro. No. 2:20-ap-01156-WB (the "Removed Action"). Lubic Decl., ¶ 17.

**IV.     ARGUMENT**

18.     Defendants move to dismiss the Complaint on several distinct but related grounds.  First, Plaintiff is barred from recovering on account of claims arising prior to the Plan confirmation date (the "Pre-confirmation Claims") because such Pre-confirmation Claims were finally determined and satisfied pursuant to RPM's confirmed Plan.  Second, Plaintiff is barred from recovering on account of claims arising prior to the Administrative Bar Date because Plaintiff failed to assert an administrative claim, and such claims are barred by res judicata. Third, and in the alternative, the Plaintiff is barred from recovering on the Pre- confirmation

7

1   Claims and claims arising prior to the Administrative Bar Date under the doctrine of laches.

2   Finally, as Plaintiff's claims have been valued and paid in full under RPM's confirmed Plan,

3   Plaintiff lacks standing to bring this class action.

4         **A.**     **<u>LEGAL STANDARD FOR MOTION TO DISMISS</u>**

5        19.      Bankruptcy Rule 7012(b) incorporates Rule 12(b)-(i) of the FRCP in

6   adversary proceedings. Fed. R. Bankr. P. 7012(b). A motion to dismiss under Rule 12(b)(6) of the

7   Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings. <u>See</u> <u>De La Cruz v.</u>

8   <u>Tormey</u>, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may be dismissed for failure to state a

9   claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the

10  speculative level. <u>See</u> <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555 (2007). Conversely, a

11  complaint may not be dismissed for failure to state a claim where the allegations plausibly show

12  that the pleader is entitled to relief. See id. (citing Fed R. Civ. P. 8(a)(2)). In ruling on a motion

13  pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the

14  plaintiff, and must accept as true all material allegations in the complaint, as well as any

15  reasonable inferences to be drawn therefrom. <u>See</u> <u>Broam v. Bogan</u>, 320 F.3d 1023, 1028 (9th Cir.

16  2003); <u>see also</u> <u>Barrientos v. Wells Fargo Bank Nat'l Ass'n</u>, No. 08CV463WQH(BLM), 2009

17  WL 1438152 (S.D. Cal. May 20, 2009).

18       20.      With respect to a class actions arising under Labor Code § 558.1 against

19  company officers, a plaintiff must allege specific actions taken by such defendants in their

20  individual capacities that violated plaintiff's labor rights. <u>See</u> <u>Roush v. MSI Inventory Serv.</u>

21  <u>Corp.</u>, No. 2:17-CV-1010-JAM-KJN, 2018 WL 3637066 (E.D. Cal. July 30, 2018) ("while it may

22  be acceptable to group . . . Defendants together with respect to some allegations, conclusory

23  allegations that do not specify the [company officer's] role in the alleged wrongdoing do not

24  suffice."); <u>see also</u> <u>Rios v. Linn Star Transfer, Inc.</u>, No. 19-CV-07009-JSC, 2020 WL 1677338

25  (N.D. Cal. Apr. 6, 2020).

26

27

28

**B.**    **<u>PLAINTIFF IS BARRED FROM RECOVERING ON PRE-
CONFIRMATION CLAIMS AGAINST DUKE BECAUSE SUCH CLAIMS
ARE BARRED BY RES JUDICATA</u>**

21.    To the extent that Plaintiff alleges that Duke's liability is joint and several with RPM, Plaintiff is prevented from recovering on Pre-confirmation Claims because such claims are barred by the doctrine of res judicata. "Once a bankruptcy plan is confirmed, it is binding on all parties and all questions that could have been raised pertaining to the plan are entitled to res judicata effect." <u>Trulis v. Barton</u>, 107 F.3d 685, 691 (9th Cir. 1995); <u>In re Day</u>, No. SACV 18-06122 AG, 2019 WL 450673, at *2 (C.D. Cal. Feb. 4, 2019); 11 U.S.C. § 1141(a) ("the provisions of a confirmed plan bind the debtor . . . and any creditor . . . .").

22.    "Res judicata bars a party from bringing a claim if a court of competent jurisdiction has rendered final judgment on the merits in a previous action involving the same parties and claims." <u>Trulis</u>, 107 F.3d at 691; <u>Pineda Grantor Trust II v. Dunlap Oil Co.</u> (<u>In re Dunlap Oil Co.</u>), BAP No. AZ-14-1172, 2014 WL 6883069, at *14 (B.A.P. 9th Cir. Dec. 5, 2014) (in order for res judicata to apply, there must be (1) an identity of claims; (2) a final judgment on the merits; and (3) privity between the parties); <u>In re Kelley</u>, 199 B.R. 698, 702 (B.A.P. 9th Cir. 1996). Res judicata prevents litigation of "all grounds and defenses that were or could have been raised in the action," so long as the parties or their privies had a "full and fair opportunity to litigate." <u>In re Imperial Corp.</u> of Am., 92 F.3d 1503, 1506 (9th Cir. 1996) (internal citations omitted).

23.    An identity of claims exists where the claims arise from the same transaction and nucleus of facts. <u>Valentine v. Inside Out Marketing, Inc</u>., Case No. CV-14-04775, 2015 WL 13285084, at *4 (C.D. Cal. Feb. 5, 2015). Courts consider four factors in determining whether an identity of claims exists:

(1) Whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve

**NOTICE OF MOTION AND MOTION OF RPM HARBOR SERVICES, INC. AND SHAWN DUKE TO
DISMISS CLASS ACTION COMPLAINT OF GABRIEL TURCIOS**

1  infringement of the same right; and (4) whether the two suits arise out of the same

2  transactional nucleus of facts. The last of these criteria is the most important.

3  Id. (quoting Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005)). A

4  dispute over an issue previously determined in the context of a chapter 11 plan presents an

5  identity of claims because a "chapter 11 bankruptcy case 'comprise[s] all matters pertaining to the

6  debtor-creditor relationship that [the debtor] or any creditors might . . . raise[] to advance their

7  interests in the proceeding.'" Kelley, 199 B.R. at 702 (quoting Sure-Snap Corp. v. Bradford Nat'l

8  Bank, 128 B.R. 885, 890 (D. Vt. 1991, aff'd, Sure-Snap Corp. v. State Street Bank & Trust Co.,

9  948 F.2d 869 (2d Cir. 1991)). The Plan finally resolved the universe of claims against RPM in

10  order to restructure RPM's debt, including Plaintiff's Pre-confirmation Claims. With respect to

11  Plaintiff's Pre-confirmation Claims, Class 7 of the Plan valued such Claims at $0.00, and

12  therefore, provided that no distribution would be made on account of such Claims. Despite this

13  final resolution of Plaintiff's Pre-confirmation Claims, Plaintiff now seeks recovery on such

14  Claims in the Removed Action. This is not permissible. See Imperial Corp., 92 F.3d at 1510

15  ("claim preclusion clearly bars not only claims that were actually litigated, but also any claims

16  that could have been asserted."); Nugent v. Am. Broadcasting Sys., Inc., 1 Fed. Appx. 633, 634,

17  2001 WL 30039, at *1 (9th Cir. 2001) (res judicata barred creditors from bringing constructive

18  trust claim that could have been raised in the bankruptcy court); In re Heritage Hotel P'ship I, 160

19  B.R. 374, 377-78 (B.A.P. 9th Cir. 1993) (order confirming plan was res judicata and barred

20  subsequent assertion claims that arose out of the same nucleus of operative facts that determined

21  plan treatment); In re Howe, 913 F.2d 1138, 1143 (5th Cir. 1990) ("a plan is binding upon all

22  parties once it is confirmed and all questions that could have been raised pertaining to such plan

23  are res judicata.")

24      24.     It is undisputed that the Confirmation Order was not appealed, and that

25  such order became a final judgment. Trulis, 107 F.3d at 691. Further, a confirmed chapter 11 plan

26  is a "final judgment" for res judicata purposes because it "operates to preclude the assertion of

27  actions which arose out of the prepetition relationship of the parties . . . ." Kelley, 199 B.R. at

28  702-03. With respect to confirmed plans, among other types of final judgments, "only a direct

10

1    attack is available and collateral attack is unavailable." Id. (quoting 5 Collier on Bankruptcy ¶

2    1141.01[1] (Lawrence P. King, ed., 15th Ed. 1995)); see also CGO Invs., LLC v. AB Liquidating

3    Corp. (In re AB Liquidating Corp.), 2006 WL 6810956, at *4 (B.A.P. 9th Cir. Dec. 22, 2006) ("If

4    a creditor fails to protect its interests by timely objecting to a plan or appealing the confirmation

5    order, it cannot later challenge the provisions of the confirmed plan[.]").

6         25.         Finally, privity exists for purposes of res judicata. Plaintiff was a party in

7    RPM's bankruptcy case and is thus precluded from relitigating issues decided in RPM's

8    confirmed Plan.[2] See In re Gottheiner, 703 F.2d 1136, 1139 (9th Cir. 1983) ("The person being

9    estopped from relitigating an issue must have been either a party to the prior lawsuit or have been

10    so closely related to the interest of the party to be fairly considered to have had his day in court.").

11    Additionally, res judicata operates to bar Plaintiff's claims against Duke, as RPM's privy. See

12    Imperial Corp., 92 F.3d at 1506. "[W]hen two parties are so closely aligned in interest that one is

13    the virtual representative of the other, a claim by or against one will serve to bar the same claim

14    by or against the other." Id. (quoting Nordhorn v. Ladish Co., 9 F.3d 1402, 1405 (9th Cir. 1993));

15    see also In re Gottheiner, 703 F.2d 1136, 1139-40 (9th Cir. 1983) (suit barred by collateral

16    estoppel where defendant in prior suit was wholly owned by defendant in subsequent suit). As

17    RPM's sole member and owner, Duke was in privity with RPM.

18         26.         Plaintiff's Pre-confirmation Claims arise out of Plaintiff's prepetition

19    relationships with RPM and Duke and, as such, they were finally determined and resolved in the

20    confirmed Plan and the Confirmation Order. As discussed above, Plaintiff received notice of the

21    Bar Date for filing a claim, as well as the proposed treatment of his Pre-confirmation Claims in

22    the Plan. However, Plaintiff did not file a claim and did not object to the Plan or contest

23    confirmation in any way. With respect to creditors who did not file claims and who were listed in

24    RPM's schedules as having claims that were contingent, unliquidated and/or disputed, such as

25

26    [2] To the extent there are other "similarly situated" plaintiffs, they were also parties to the
      bankruptcy case and/or are closely related to Turcios' interests, and thus are estopped from
27    relitigating issues decided in RPM's confirmed Plan. The Complaint, in seeking to establish the
      existence of common questions of law and fact for the class plaintiffs, in effect concedes that
28    plaintiffs are in privity with each other due to "sufficient commonality of interest" and
      "substantial identity" between them. Gottheiner, 703 F.3d at 1140.

1    Plaintiff, the Plan valued such claims at $0.00. This treatment finally determined and resolved

2    Plaintiff's Pre-confirmation Claims. "In [this] Circuit, a creditor with express notice of its

3    proposed treatment in a plan is required to object to the plan, or it will be bound by it." In re

4    Shook, 278 B.R. 815, 826 (B.A.P. 9th Cir. 2002) (chapter 13 case); see also In re California

5    Litfunding, a Nevada Corp., 360 B.R. 310, 322 (Bankr. C.D. Cal. 2007) (claims against directors

6    and officers of debtor for fraud in connection with disclosure statement barred by plan

7    confirmation; stating that plaintiffs "cannot benefit from their own delay in conducting whatever

8    due diligence they decided to conduct or not to conduct prior to confirmation of the Plan.").

9    Further, courts within the 9th Circuit have recognized that there is a significant difference

10    between plans which provide for zero payment on account of claims and one which does not in

11    any way characterize a claim. See Shook, 278 B.R. at 825-26. In the former instance, creditors

12    with notice of its treatment, even if that treatment is to not receive any payment on account of a

13    $0.00 claim, has the ability to contest its proposed treatment or will be bound by it. Id.; see also In

14    re Gregory, 705 F.2d 1118, 1122 (9th Cir. 1983) (in context of chapter 13 proceeding, stating that

15    "there is a significant difference between a plan which does not acknowledge an unsecured claim

16    and a plan which proposes to pay nothing on a claim. In the former case, the unsecured creditor

17    has no ability to object, in a meaningful way, to confirmation of the debtor's plan.").

18         27.        Accordingly, because the amount of Plaintiff's Pre-confirmation Claims

19    has been finally determined at $0.00, and the Pre-confirmation Claims have been satisfied by

20    RPM, Duke has no outstanding liability on the Pre-confirmation Claims and res judicata prevents

21    Plaintiff from arguing otherwise. See Fowden v. Pac. Coast S.S. Co., 149 Cal. 151, 157, 86 P.

22    178, 180 (1906). The Court should dismiss the Complaint as against Duke with respect to the Pre-

23    confirmation Claims.

24    **C.    PLAINTIFF IS BARRED FROM RECOVERING ON CLAIMS ARISING**

25    **PRIOR TO THE CONFIRMATION DATE BECAUSE PLAINTIFF**

26    **FAILED TO TIMELY FILE AN ADMINISTRATIVE EXPENSE CLAIM**

27         28.        To the extent that Plaintiff alleges that Duke's liability is joint and several

28    with RPM, res judicata bars Plaintiff's claims arising during RPM's bankruptcy case because

12

1  Plaintiff failed to file an administrative expense claim. The consequence is that Plaintiff is barred,

2  estopped and enjoined from now seeking payment on account of administrative claims that arose

3  prior to the Administrative Bar Date.

4      29.        Further, the confirmed Plan is res judicata with respect to any alleged

5  administrative expense claim held by Plaintiff, as it contains an exclusive list of the allowed

6  administrative expense claims, and omits any administrative claim held by Plaintiff. Accordingly,

7  the Court should dismiss the Complaint with respect to any claims arising prior to the

8  Administrative Bar Date.

9  **D.      IN THE ALTERNATIVE, THE DOCTRINE OF LACHES BARS**

10  **PLAINTIFFS' PRE-CONFIRMATION CLAIMS AND ADMINISTRATIVE**

11  **CLAIMS AGAINST DUKE**

12      30.        In the alternative, Plaintiff's Pre-confirmation Claims and claims arising

13  prior to the Administrative Bar Date against Duke are barred by the doctrine of laches.

14      31.        Laches is an equitable doctrine that serves to limit the time within which an

15  action must be brought. Shook, 278 B.R. at 829.

16      32.        The defense of laches may apply "where there is an unreasonable or

17  unexcused delay by the party asserting the claim and the defending party is prejudiced by the lack

18  of diligence." Greenwell v. Carty (In re Carty), 149 B.R. 601, 603 (B.A.P. 9th Cir. 1993). "The

19  bare fact of delay creates a rebuttable presumption of prejudice." Shook, 278 B.R. at 830 (quoting

20  Int'l Tel. & Tel. Corp. v. Gen. Tel. & Elec. Corp., 518 F.2d 913, 926 (9th Cir. 1975)) (debtors'

21  objection to claim barred by laches where debtors' five-year plan had been confirmed and nearly

22  completed; claims against the estate had been determined years before for purposes of

23  distribution; debtors failed to object within the time period allowed; and creditor's claim had

24  already been paid in full).

25      33.        Plaintiff was, or at the very least should have been, on notice of his Pre-

26  confirmation Claims against RPM and Duke since April 2017 at the latest. Specifically, Plaintiff

27  was listed on the creditor matrix filed with RPM's chapter 11 petition on April 12, 2017 and was

28  served with a copy of the petition. Plaintiff was also listed in RPM's schedules filed on May 8,

13

**NOTICE OF MOTION AND MOTION OF RPM HARBOR SERVICES, INC. AND SHAWN DUKE TO
DISMISS CLASS ACTION COMPLAINT OF GABRIEL TURCIOS**

2017 as having an unliquidated and disputed labor claim, and was served with copies of the

schedules. [Case Dkt. No. 27.] Plaintiff was served with the Bar Date Notice, which informed

Plaintiff of the need to file a claim by the Bar Date. Plaintiff was also served with the Plan, which

unequivocally disclosed the proposed treatment of Plaintiff's claims -- and the claims of similar

creditors -- and disclosed how other creditors with timely filed claims were being treated.

34.    Nevertheless, Plaintiff did not file a claim in the bankruptcy case. Plaintiff

also did not object to confirmation of the Plan. Instead, Plaintiff silently accepted the proposed

valuation and treatment of his Pre-confirmation Claims and administrative claims in the Plan. In

sum, Plaintiff sat on his rights and failed to take any action whatsoever to preserve his claims

against RPM and Duke.

35.    Plaintiff had ample opportunity to appear during the bankruptcy case and

litigate his claims at an appropriate time and in an appropriate forum. Had he appeared in the

bankruptcy case and filed a claim or otherwise participated in the Plan confirmation process, his

claims would have been paid in full.[3] It is inequitable to permit Plaintiff to belatedly, more than a

year after the Plan was confirmed and after general unsecured creditors and administrative

claimants have been paid in full, seek payment on claims that should have been asserted during

RPM's bankruptcy case, when Plaintiff had ample notice and opportunity to assert his claims and

declined to do so.

36.    Moreover, the Plan's treatment of Duke was also based on its final

treatment of Plaintiff's claims. In particular, Plaintiff's delay in asserting his claims, prejudiced

Duke because, had such claims been timely asserted, Duke would have had the opportunity to

timely file a claim for contribution or indemnity in the bankruptcy case, and would have likewise

received payment in full under the Plan. As a result, Plaintiff's delay foreclosed Duke's ability to

receive contribution or indemnification on account of the claims.

37.    Plaintiff's delay in asserting his rights presents a risk of "unwarranted

burden" on the Defendants as well as the Court, as he seeks to force the Defendants to relitigate,

[3] See Plan, [Dkt. 348 at 9] (providing for payment in full of general unsecured claims); [Case Dkt. 348, p. 5] (providing for payment in full of administrative expense claims).

14

**NOTICE OF MOTION AND MOTION OF RPM HARBOR SERVICES, INC. AND SHAWN DUKE TO DISMISS CLASS ACTION COMPLAINT OF GABRIEL TURCIOS**

1  and the Court to reconsider, claims and issues that have already been resolved in the context of

2  RPM's chapter 11 case. <u>See</u> <u>Shook</u>, 278 B.R. at 831.

3          38.          Accordingly, even if the Court determines that the claims are not barred by

4  res judicata, it should dismiss the Pre-confirmation Claims against Duke under the doctrine of

5  laches.

6          **E.    <u>PLAINTIFF LACKS STANDING TO BRING § 558.1 CLAIMS</u>**

7          39.          In a class action, standing is satisfied if at least one named plaintiff meets

8  the requirements. In addition to satisfying constitutional standing requirements, such a plaintiff

9  "bears the burden of showing that he has standing for each type of relief sought." <u>Hoffman v.</u>

10  <u>Blattner Energy, Inc</u>., 315 F.R.D. 324, 332 (C.D. Cal. 2016). Article III standing to sue requires a

11  plaintiff show an injury-in-fact that is redressable by a favorable ruling. Id.

12          40.          Turcios lacks Article III standing as any individual claims he may have had

13  against Duke or RPM for violations of the Labor Code have been paid in full pursuant to RPM's

14  confirmed Plan. Accordingly, Turcios' claim should be dismissed for a lack of standing.

15                                <u>CONCLUSION</u>

16          41.          In conclusion, the Court should dismiss Plaintiff's claims against Duke

17  arising out of or related to conduct that took place prior to the confirmation date on the grounds

18  set forth herein.

19                                Respectfully submitted,

20  DATED:  October 6, 2020              MICHAEL B. LUBIC
                                         TODD L. NUNN
21                                       ARMANDO V. ARBALLO
                                         K&L GATES LLP
22

23                                       By:    /s/ Michael B. Lubic

24                                              Michael B. Lubic
                                         Attorneys for RPM Harbor Services, Inc. and
25                                       Shawn Duke

26

27

28

**NOTICE OF MOTION AND MOTION OF RPM HARBOR SERVICES, INC. AND SHAWN DUKE TO
DISMISS CLASS ACTION COMPLAINT OF GABRIEL TURCIOS**